IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL PECTOL,<br><br>Plaintiff,<br><br>vs.<br><br>NAVY EXCHANGE,<br><br>Defendant. | CIVIL NO. 22-00230 JAO-RT<br><br>ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION WITHOUT PREJUDICE |

### ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION WITHOUT PREJUDICE

Before the Court is pro se Plaintiff Michael Pectol's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application" or "Application"), filed on May 23, 2022. For the following reasons, the Court DISMISSES the Complaint with leave to amend and DENIES WITHOUT PREJUDICE the IFP Application. ECF No. 2.

### DISCUSSION

**I.  Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)**

Plaintiff requests leave to proceed in forma pauperis. A court may deny

leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiff's "Complaint"[1] liberally, *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is necessary. It is difficult, if not impossible, to ascertain the legal or factual bases for this lawsuit. The insufficiency of Plaintiff's allegations precludes the Court from determining, as a threshold matter, whether subject matter jurisdiction exists. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is

---

[1] It is a stretch to call Plaintiff's initiating document a complaint because it is collection of random phrases, notes, and "motions" on the caption page.

proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter jurisdiction, an action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

Even if jurisdiction were not in question, the Complaint must be dismissed because Plaintiff fails to state a claim. He alleges that he was hired to work at the Navy Exchange but was not allowed to clock in on the first day.[2] Compl. at 1. At a subsequent meeting with human resources, he claims to have been provided incorrect information regarding his start date and denied a meeting with the general manager. *Id.* He also avers that local racial gang members likely used his identity to employ other individuals, which he believes is a common occurrence in Oahu businesses "REGARDING OTHER PRODUCT FRAUD, AND OTHER PORT ACCESS SECURITY LAPSES . . . [and] WEBSITE (JOB-APP) PROFILE HIJACKINGS." *Id.* And he makes an additional reference to "OTHER OVERTONES OF GENDER BASED EXPLOITATION AND BANKING SYSTEMS EXPLOITATION FROM FEMALE H.R. EMPLOYEES APPLICABLE." *Id.* Plaintiff has not identified a cause of action associated with these allegations, nor do they reveal a basis to pursue a lawsuit in federal court.

---

[2] Within his exhibits, Plaintiff notes that he was asked to leave training upon arrival based on a pending background check and associated email. Compl. at 9. He claims that this was at odds with his employment process documentation. *Id.*

4

For these reasons, the Complaint is DISMISSED. Notwithstanding Plaintiff's failure to identify a basis for subject matter jurisdiction or state a claim, it is possible that amendment could cure the Complaint's deficiencies. Therefore, the Court grants leave to amend. Any amended complaint — which should be titled "First Amended Complaint" — must be filed by **June 21, 2022**, and must cure the deficiencies identified above. Plaintiff must: (1) identify the basis for subject matter jurisdiction; (2) identify the legal basis for his claim; (3) present facts to support his claim; (4) explain how the defendant harmed him; and (5) identify the injuries he suffered from the defendant's conduct.

Plaintiff is also advised that Local Rule 10.4 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." Local Rule 10.4. As a general rule, an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, if Plaintiff files an amended complaint, the Complaint no longer serves any function in the case, and any claims that are not included in the amended complaint may be deemed waived. *See id.* at 928.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

Also included in the Complaint are two motion titles: (1) "MOTION FOR SUMMARY JUDGMENT AND RELIEF (MONETARY) IN THE AMMOUNT [sic] OF $750,000.00 USD" and (2) "MOTION FOR RELIEF IN FORM OF: FOOD AND PRODUCTS DISTRIBUTION IN NAVY EXCHANGE FORMAT [RE: CASE CV 22 00223 DOCUMENT 8 PAGE 3 PRODUCTS REGISTRATION AT OAHU PORTS.]; FORMS ASSISTANCE; PORT EMPLOYEE SIGNATURE WITNESS ASSISTANCE." Compl. at 1. Given the dismissal of the Complaint, there is no basis to consider or grant any relief in this case. Plaintiff is cautioned that the Court will not treat motion titles listed in the pleadings as legitimate requests for relief. Motions must be separately filed — but only after a viable operative pleading exists — and must present legal and factual bases for the requested relief.

## II.     IFP Application

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits

under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Plaintiff's IFP Application is incomplete. He represents that he received income from business, profession, or other self-employment, but failed to disclose the amount he received and the amount he expects to receive in the future. ECF No. 2. Plaintiff also failed to respond to the inquiry about the amount of money he has in cash or in a checking or savings account. *Id.* Without this information, the Court cannot determine whether he is entitled to proceed in forma pauperis. Consequently, the Court DENIES the IFP Application without prejudice. If Plaintiff elects to file an amended pleading, he must file an IFP Application that fully and accurately responds to all questions *or* pay the applicable filing fee. If he fails to do so, this action will be automatically dismissed.

## CONCLUSION

In accordance with the foregoing, Court: (1) DISMISSES the Complaint with leave to amend and (2) DENIES without prejudice the IFP Application. ECF No. 2. If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

    (1)    The deadline to file an amended complaint is **June 21, 2022**;

    (2)    The amended complaint should be titled "First Amended Complaint"; and

    (3)    Plaintiff must cure the deficiencies identified above.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order *and* concurrently file an IFP Application *or* submit the filing fee will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, May 31, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00230 JAO-RT; *Pectol v. Navy Exchange.*; ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION WITHOUT PREJUDICE

8